UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-23024-CIV-KING

EAN PROPERTIES, INC.,

    Plaintiff,

vs.

CHUBB CUSTOM INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant Chubb Custom Insurance Company ("Chubb's) Amended Motion for Summary Judgment and Incorporated Memorandum of Law (DE 3), filed November 3, 2017.[1]

## BACKGROUND

The Defendant moves for summary judgment on the basis that Plaintiff is attempting to re-litigate a lawsuit that was previously resolved by way of a Confidential Mutual Release and Settlement Agreement ("Settlement Agreement.") The Defendant argues that as a result of the settlement, the Plaintiff agreed to waive and release any and all claims that it has now or may have in the future against Chubb related in any way to the damages alleged by Plaintiff concerning claim number WKFC-5787A9. The

---

[1] The Court has additionally considered the Plaintiff's Response (DE 7) filed on November 17, 2017 and Chubb's Reply (DE 11) filed on November 22, 2017.

1

Plaintiff, in turn, disputes that it agreed to waive and release any and all claims against Chubb related to the damages concerning claim number WKFC-5787A9. The Plaintiff argues that the underlying lawsuit and Settlement Agreement erroneously combined aspects of two claims that was overlooked by both parties.

## LEGAL STANDARD

"Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fat and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy[,] and inexpensive determination of every action." *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002). Summary judgment is appropriate unless there is a genuine issue of fact for trial. *Agee v. Porter*, 216 F. App'x 837, 840 (11th Cir. 2007). "For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). In opposing a motion for summary judgment, the nonmoving party "must show specific facts to support that there is a genuine dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not rely on the pleadings, but rather must demonstrate a genuine issue for trial through affidavits, depositions, interrogatory answers, and admissions. *Celotex*, 477 U.S. 323-24. The existence of a "mere scintilla" of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the finder of fact could reasonably find for

2

the moving party. *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 840-41 (11th Cir. 2014) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

## DISCUSSION

Upon review of the facts and legal arguments, the undersigned finds persuasive and adopts Defendant's legal arguments in support of its motion for summary judgment, which stand unrebutted by Plaintiff. The language of the Settlement Agreement is unequivocal. The Plaintiff asks the Court to set aside the Settlement Agreement due to "mutual mistake," but offers no evidence or argument to support its position that the parties agreed to enter into a settlement that is different than what is contained in the Settlement Agreement. Rather, the basis of Plaintiff's motion is its representative's unilateral belief that the underlying lawsuit filed against Chubb related to an entirely different claim. In short, the affidavit presented by the Plaintiff presents no evidence of a mutual mistake that would allow for the serious remedy of reformation or recession of a mutually agreed settlement agreement that was negotiated with the assistance of well-trained and sophisticated counsel.

Therefore, summary judgment shall be entered in favor of Defendant Chubb and against Plaintiff Ean Properties, Inc.

## CONCLUSION

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Chubb Custom Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law **(DE 3)** be, and the same is, hereby **GRANTED**. The Plaintiff's

3

Motion for Leave to File First Amended Complaint **(DE 6)** is hereby **DENIED**. All pending motions are denied as moot. The Clerk shall Close this case.

**DONE AND ORDERED** in Chambers at James Lawrence King United States Courthouse, in Miami, Florida, this 17 day of May, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:    All counsel of record**